By the Court:
We see no error in the construction placed on the will of the testator, nor in the instructions given the trustees for the administration of the trust. It is the settled rule of this court to construe all devises and bequests as vesting in the devisee or legatee at the death of the testator, unless the intention of the testator to postpone the vesting to some future time is clearly indicated in the will. The fact that the devise to the children is to them “or their heirs,” does not make it contingent—the words “or their heirs,” being regarded as words of limitation, and not as the substitution of a new class of beneficiaries, taking as purchasers from the testator. Linton v. Laycock, 33 Ohio St. 128; Brasher v. Marsh, 15 Ohio St’ 103.
The only distinction between this case and the previous ones, is, that in this case the property is devised to trustees who are to carry out the trusts and make conveyances as directed in the will, so that the estates of the dev *294 isees are equitable and not legal. But this does not affect the question, for it is well settled that equitable estates vest and descend as legal estates. 2 Washburn on Real Prop. 5th Ed. 530-531-569. Doe v. Considine, 6 Wallace, 458; McArthur v. Scott, 113 U. S. 340.

Judgment affirmed.